UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAWRENCE FULTZ, | ) | |
| an individual, | ) | Case No:  2:16-cv-00002-SM-JCW |
| | ) | |
| Plaintiff, | ) | Judge: Susie Morgan |
| | ) | |
| v. | ) | Magistrate Judge: Joseph C. Wilkinson, Jr. |
| | ) | |
| K & B LOUISIANA CORPORATION; | ) | |
| and JEFFERSON PARISH HOSPITAL | ) | |
| DISTRICT  #1 D/B/A WEST JEFFERSON | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, LAWRENCE FULTZ, an individual, by and through his undersigned counsel, hereby files this Amended Complaint and sues K & B LOUISIANA CORPORATION ("K & B") for declaratory and injunctive relief, attorneys' fees, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*; WEST JEFFERSON HOLDINGS, L.L.C. ("WEST JEFFERSON HOLDINGS, L.L.C.") for declaratory and injunctive relief, attorneys' fees, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq,* and for damages, injunctive and declaratory relief, attorneys' fees and costs pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act"); and JEFFERSON PARISH HOSPITAL DISTRICT  #1 D/B/A WEST JEFFERSON MEDICAL CENTER ("WEST JEFFERSON"), for damages, injunctive and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("Americans with

Disabilities Act" or "ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

("Rehabilitation Act") and states as follows:

## JURISDICTION AND PARTIES

1.      This is an action for relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.,* Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, (see also 28 U.S.C. § 2201 and § 2202), and the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*  This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is located in Jefferson Parish, Louisiana.

3.      Plaintiff, LAWRENCE FULTZ, (hereinafter referred to as "MR. FULTZ") is a resident of Jefferson Parish, Louisiana. MR. FULTZ resides less than one (1) mile away from the facility which is the subject of this action.

4.      MR. FULTZ is a qualified individual with a disability under the ADA. MR. FULTZ is an amputee at the left leg from the hip down.

5.      Due to his disability, MR. FULTZ is substantially impaired in several major life activities and requires a wheelchair or crutches for mobility.

6.      Upon information and belief, K & B is a corporation domiciled in Louisiana and doing business in Jefferson Parish.

7.      Upon information and belief, WEST JEFFERSON is a political entity located within Jefferson Parish, Louisiana.

8.      Upon information and belief, WEST JEFFERSON HOLDINGS, L.L.C. is a limited

liability company organized in the state of Louisiana and doing business in Jefferson Parish.

9.     Upon information and belief, WEST JEFFERSON is the political entity which owns and/or operates West Jefferson Cancer Center/Rite Aid Shopping Center, 4511-4535 Westbank Expressway, Marrero, Louisiana 70072 (hereinafter "the Property").

10.    Upon information and belief, WEST JEFFERSON HOLDINGS, L.L.C. is the entity that operates the Property.

11.    Upon information and belief, K & B is doing business as "Rite Aid" and leases space at the Property.

12.    Upon information and belief, K & B is operating Store #7251 at the Property.

13.    Upon information and belief, the Property is a shopping center with tenants such as Rite Aid, among others.

14.    DEFENDANTS are responsible for complying with the obligations of the ADA.

15.    All events giving rise to this lawsuit occurred in the Eastern District of Louisiana.

**COUNT I**
**VIOLATION OF TITLE II OF THE ADA**
**AS TO WEST JEFFERSON**

16.    MR. FULTZ realleges and reavers paragraphs 1-15 as if they were expressly restated herein.

17.    Upon information and belief, WEST JEFFERSON develops and provides the services and programs offered at the Property.

18.    MR. FULTZ has been to the Property numerous times in the past.

19.    While at the Property MR. FULTZ has tried to access numerous architectural features but

encountered numerous barriers which hindered his ability to access the services and utilize the programs offered at the Property.

20.    At times while at the Property, MR. FULTZ had difficulty accessing the goods and services which are offered for sale at the Property as a result of the architectural barriers which are discussed below in Paragraph 29.

21.    MR. FULTZ plans to return to the Property in the near future to utilize the programs and activities administered at the Property.

22.    MR. FULTZ lives less than a mile away from the Property.

23.    During his visits to the Property, MR. FULTZ experienced serious difficulty utilizing the services and programs offered at the Property due to the architectural barriers discussed herein.

24.    MR. FULTZ continues to desire to visit the Property, but fears that he will experience serious difficulty again due to the barriers discussed in paragraph 29 which still exist.

25.    The barriers discussed below in Paragraph 29 are excluding MR. FULTZ from the programs, activities, and basic services offered the Property.

26.    DEFENDANTS have failed to adopt any alternatives to barrier removal which would provide MR. FULTZ with meaningful access to the restrooms which are available for public use at the Property.

27.    MR. FULTZ plans to and will visit the Property in the future as a patron and also as a member of the community to determine whether the barriers to access alleged herein have been modified and/or brought into compliance with the requirements of the ADA.

28.    MR. FULTZ presently fears that he will encounter the mobility-related barriers which exist

at the Property when he returns to the Property in the future.

29.     Upon information and belief, WEST JEFFERSON has discriminated, and is continuing to discriminate, against MR. FULTZ in violation of the ADA by excluding and/or denying MR. FULTZ the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992.  MR. FULTZ's visits to the Property shows that the program, when viewed in its entirety, is not accessible. These physical barriers to access include, but are not limited to:

I.      Inside Rite Aid:

A.      The men's restroom is located on a second level of the facility and is not accessible by a ramp, lift or elevator. Further, K & B has failed to provide a unisex restroom on the ground level, as is required by the 1991 ADAAG when modification of the existing restroom is technically infeasible.

II.     At the Common Areas of the Property:

B.      There are access aisles which do not lead to a curb cut;

C.      There are access aisles which contain impermissible cracks, gaps, and changes in level;

D.      There are curb ramps which are built up and into the access aisles of the accessible-designated parking spaces;

E.      There are accessible-designated parking spaces which are not marked with vertical signage;

F.      There are curb cuts with cracked and broken transitions;

G.      Other mobility-related ADA barriers and violations to be identified

following a complete inspection of the Property.

30.   42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

31.   WEST JEFFERSON has discriminated against MR. FULTZ by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

32.   WEST JEFFERSON has discriminated, and is continuing to discriminate, against MR. FULTZ in violation of the ADA by excluding and/or denying MR. FULTZ the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities. MR. FULTZ personally experienced the numerous barriers to access on the Property discussed herein.

33.   28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." Defendant has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

34.   WEST JEFFERSON has discriminated against MR. FULTZ by excluding him from participation in, and denying the benefits of, the services, programs, and/or activities at its Property because of MR. FULTZ's disability, all in violation of 42 U.S.C. § 12132.

35.   Upon information and belief, WEST JEFFERSON continues to discriminate against the MR. FULTZ, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of failure to remove architectural barriers.

36.   Upon information and belief, MR. FULTZ and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of WEST JEFFERSON's Property, and have otherwise been discriminated against and damaged by WEST JEFFERSON because of WEST JEFFERSON's discrimination, as set forth above. MR. FULTZ and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy WEST JEFFERSON's discriminatory violations and avoid piecemeal litigation, MR. FULTZ requires a full inspection of WEST JEFFERSON's Property in order to catalogue and cure all the areas of non-compliance with the ADA.

37.   MR. FULTZ has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from WEST JEFFERSON pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

7

38.     MR. FULTZ is without adequate remedy at law and is suffering irreparable harm.

39.     Pursuant to 42 U.S.C. § 12131, *et seq*., this Court is provided authority to grant MR. FULTZ's injunctive relief including an order WEST JEFFERSON to alter the Property to make those facilities, and/or programs, and/or activities, readily accessible and useable to MR. FULTZ and all other persons with disabilities as defined by the ADA; or by closing the Property until such time as WEST JEFFERSON cures its violations of the ADA.

**COUNT II**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**AS TO K & B AND WEST JEFFERSON HOLDINGS, L.L.C.**

40.     MR. FULTZ realleges and reavers paragraphs 1-39 as if they were expressly restated herein.

41.     Upon information and belief, K & B is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to its failure to provide a unisex restroom on the first floor of the facility.

42.     Upon information and belief, WEST JEFFERSON HOLDINGS, L.L.C. is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to the existence of architectural barriers at the Property, including but not limited to the barriers listed in Paragraph 29.

43.     Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

44.     Upon information and belief, removal of the discriminatory barriers to access described in Paragraph 29 is readily achievable, reasonably feasible, and easily accomplished, and

8

would not place an undue burden on K & B or WEST JEFFERSON HOLDINGS, L.L.C.

45.   Upon information and belief, in the event removal of the barriers described in Paragraph 29 is not readily achievable, K & B and WEST JEFFERSON HOLDINGS, L.L.C. has failed to otherwise make its accommodations and services available to MR. FULTZ.

46.   Upon information and belief, removal of the barriers to access located on the Property would provide MR. FULTZ with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

47.   Independent of his intent to return as a patron to the Property, MR. FULTZ additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

48.   MR. FULTZ continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 29 are removed.

49.   MR. FULTZ intends to and will attempt to visit the Property in the future, but fears that K & B and WEST JEFFERSON HOLDINGS, L.L.C. will continue to discriminate against him by failing bring their Property into an accessible condition.

50.   MR. FULTZ has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. FULTZ is entitled to have his reasonable attorneys' fees, costs, and expenses paid by K & B and WEST JEFFERSON HOLDINGS, LLC, pursuant to 42 U.S.C. § 12205.

**COUNT III**
**VIOLATION OF THE REHABILITATION ACT**
**AS TO WEST JEFFERSON AND WEST JEFFERSON HOLDINGS, LLC**

9

51.     MR. FULTZ adopts and re-alleges the allegations contained in paragraphs 1-50 as if fully stated herein.

52.     MR. FULTZ brings this claim against WEST JEFFERSON and WEST JEFFERSON HOLDINGS, LLC, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

53.     The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  29 U.S.C. § 794(a).

54.     Upon information and belief, as set forth herein, WEST JEFFERSON and WEST JEFFERSON HOLDINGS, L.L.C. have violated the Rehabilitation Act by intentionally excluding MR. FULTZ, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under, WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s Property, programs and activities.

55.     Upon information and belief, a non-exclusive list of WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'S violations of the Rehabilitation Act and discriminatory conduct against MR. FULTZ are evidenced by:

            A.      denying MR. FULTZ access to, and the opportunity to participate in or

benefit from, the aids, benefits, activities, programs, accommodations and services offered at the Property;

B.   by otherwise limiting MR. FULTZ in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s aids, benefits and services;

C.   making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendants at the Property;

D.   failing to administer services, programs and activities in the most integrated setting appropriate to the needs of MR. FULTZ;

E.   excluding MR. FULTZ from participation in, and the benefits of, WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s services programs and activities as a result of WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.LC.'s Property being inaccessible to or unusable by MR. FULTZ; and

F.   failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

56.   Upon information and belief, there are additional, ongoing violations of the Rehabilitation

Act at the Property which MR. FULTZ is more likely than not going to encounter upon his future visits to the subject premises.  MR. FULTZ brings this action:

A.  to redress injuries suffered as a result of WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s discriminatory actions and inactions set forth herein;

B.  to reasonably avoid further and future injury to MR. FULTZ as a result of WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

C.  to ensure WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s Property is accessible as required by the relevant applications of the ADA;

D.  to be made whole and ensure future compliance; and

E.  to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

57.  Only through a complete inspection of the Property and related facilities, undertaken by MR. FULTZ and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

58.  Upon information and belief, WEST JEFFERSON and WEST JEFFERSON HOLDINGS, L.L.C. are the recipients of federal funds.

59.  Upon information and belief, as the recipients of federal funds, WEST JEFFERSON and

WEST JEFFERSON HOLDINGS, L.L.C. are liable for damages to MR. FULTZ as a result of their acts and omissions constituting intentional discrimination.

60.   As set forth above, MR. FULTZ has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by WEST JEFFERSON and WEST JEFFERSON HOLDINGS, L.L.C. solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s Rehabilitation Act violations set forth above.

61.   MR. FULTZ has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action.  MR. FULTZ is entitled to recover those attorneys' fees, costs and litigation expenses from WEST JEFFERSON and WEST JEFFERSON HOLDINGS, L.L.C. pursuant to 29 U.S.C. §794(b).

62.   Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant MR. FULTZ's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting MR. FULTZ compensatory damages for WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s discriminatory actions.

## PRAYER FOR RELIEF

WHEREFORE, MR. FULTZ prays that:

A. This Court issue a Declaratory Judgment that determines that WEST JEFFERSON is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

B. This Court issue a Declaratory Judgment that determines that K & B and WEST JEFFERSON HOLDINGS, L.L.C. are in violation of Title III of the Americans with Disabilities Act;

B. This Court issue a Declaratory Judgment that determines that the property, programs and activities owned, operated and administered by WEST JEFFERSON and WEST JEFFERSON HOLDINGS, L.L.C. are in violation of the Rehabilitation Act;

C. This Court grant preliminary and permanent injunctive relief against DEFENDANTS including an order to make all readily achievable alterations to the Property; or to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require DEFENDANTS to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

treated differently than other individuals because of failure to remove mobility-related barriers;

D.      This Court enter an Order directing DEFENDANTS to alter and modify the Property and its facilities, services, activities, programs and accommodations as appropriate to comply with the ADA and the Rehabilitation Act;

E.      This Court awards monetary damages, including nominal damages, pursuant to Title II and 29 U.S.C. § 794a(a)2 for the harmed caused by WEST JEFFERSON's and WEST JEFFERSON HOLDINGS, L.L.C.'s discriminatory practices and barriers;

F.      This Court award of reasonable attorneys' fees, costs and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175 and Title III of the ADA; and

G.      Such other relief as the Court deems just and proper, and/or is allowable under Title II of the ADA, Title III of the ADA, and the Rehabilitation Act.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn (LA # 35193)
aklevorn@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Amanda K. Klevorn
    AMANDA K. KLEVORN

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record on March 29, 2016 via EFC filing.

/s/ Amanda K. Klevorn
    AMANDA K. KLEVORN

16